**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

<table>
<tr>
<td>MICHAEL BALDUCCI, on behalf of himself,<br><br>Plaintiff,<br><br>v.<br><br>CONGO, LTD., a Colorado Corporation, and JOHN DOES 1 through 100, inclusive,<br><br>Defendants.</td>
<td>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§</td>
<td>CASE NO. 1:17-CV-02755-MEH</td>
</tr>
</table>

**DEFENDANT CONGO, LTD.'S**
**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, CONGO, LTD. ("Defendant" or "Congo"), by and through its undersigned counsel, hereby responds to Plaintiff MICHAEL BALDUCCI's ("Plaintiff") Complaint.

**PLAINTIFF**

1. Defendant has insufficient knowledge of the allegations contained in the first sentence of paragraph 1 of the Complaint, and therefore denies the same. Applicant admits the allegations contained in the second and third sentences of paragraph 1 of the Complaint.

**DEFENDANTS**

2. Defendant admits the allegations contained in sentences 1–3 of paragraph 2 of the Complaint. Defendant denies the allegations contained in the fourth sentence of paragraph 2 of the Complaint.

3. Defendant has insufficient knowledge of the allegations contained in sentences 1–4 and 6 of paragraph 3 of the Complaint, and therefore denies the same. Defendant denies the allegations contained in sentence five of paragraph 3.

4. Defendant has insufficient knowledge of the allegations contained in paragraph 4 of the Complaint, and therefore denies the same.

5. Paragraph 5 of the Complaint contains conclusions of law, to which no response is required. To the extent that a response is deemed required: Defendant denies the allegations contained in paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6. The first sentence of paragraph 6 contains conclusions of law, to which no response is required. To the extent that a response is deemed required: Defendant denies the allegations contained in the first sentence of paragraph 6 of the Complaint. Defendant denies the allegations contained in the second sentence of paragraph 6 of the Complaint.

7. Paragraph 7 contains conclusions of law, to which no response is required. To the extent that a response is deemed required: Defendant denies the allegations contained in paragraph 7 of the Complaint.

## FACTS REGARDING PLAINTIFF'S INDIVIDUAL CAUSES OF ACTION

8. Defendant admits the allegations contained in paragraph 8 of the Complaint.

9. Defendant denies the allegations contained in paragraph 9 of the Complaint to the extent that the Employment Agreement (the "Agreement") stipulates that Congo was not obligated to provide 10 days to cure a failure or breach if such failure or breach was incurable.

10. Defendant admits the allegations contained in paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in paragraph 11 of the Complaint to the extent that such compensation of 150,000 shares of stock was subject to vesting upon delivery of certain work product that was never delivered, and compensation of additional stock was subject to the conditions of meeting fundraising milestones and board of director's approval, neither of which was met.

12. Defendant denies the allegations contained in paragraph 12 of the Complaint to the extent that Plaintiff helped secure funding and that Plaintiff's termination was without cause, but admits terminating Plaintiff without providing an opportunity to cure only to the extent that such termination was permissible as Plaintiff's breaches were incurable.

13. Defendant denies the allegations contained in the first and second sentences of paragraph 13 of the Complaint. Defendant admits the allegations contained in the third sentence of the Complaint. Defendant denies the allegations contained in the fourth and fifth sentences of paragraph 13.

14. Defendant denies the allegations contained in paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in the first sentence of paragraph 15 of the Complaint. Defendant denies the allegations contained in the second sentence of paragraph 15 of the Complaint to the extent that Plaintiff alleges Defendant scraped non-publicly available information and frequently represented to attorneys that clients were interested in them. Defendant admits the allegations contained in the third and fourth sentences only to the extent that Plaintiff sent an email to a company representative one week prior to Plaintiff's termination expressing concern that failing to properly protect their computers.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. Defendant admits the allegations contained in paragraph 17 of the Complaint only to the extent that Defendant never agreed to pay Plaintiff any wages.

## FIRST CAUSE OF ACTION

## BREACH OF CONTRACT

18. Defendant incorporates its answers to paragraphs 1–17 above by reference as if set forth fully herein.

19. Paragraph 19 of the Complaint contains conclusions of law, to which no response is required. To the extent that a response is deemed required: Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. Defendant admits the allegations contained in the first sentence of paragraph 20 of the Complaint. Defendant denies the allegations contained in the second sentence of paragraph 20 of the Complaint to the extent that the Agreement only provided 10 days to cure only if the cause was curable, and that Plaintiff was never told he would earn wages. Defendant denies the allegations contained in the third sentence of paragraph 20 of the Complaint. Defendant denies the allegations contained in the fourth sentence of paragraph 20 of the Complaint. Defendant admits the allegations contained in the fifth sentence of paragraph 20 of the Complaint. Defendant denies the allegations contained in the sixth sentence of paragraph 20 of the Complaint. Defendant denies the allegations contained in the seventh sentence of paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint.

22. Paragraph 22 of the Complaint contains conclusions of law, to which no response is required. To the extent that a response is deemed required: Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. Paragraph 23 of the Complaint contains conclusions of law, to which no response is required. To the extent that a response is deemed required: Defendant denies the allegations contained in paragraph 23 of the Complaint.

24. Paragraph 24 of the Complaint contains conclusions of law, to which no response is required. To the extent that a response is deemed required: Defendant denies the allegations contained in paragraph 24 of the Complaint.

## SECOND CAUSE OF ACTION

## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

25. Defendant incorporates its answers to paragraphs 1–24 above by reference as if set forth fully herein.

26. Paragraph 26 of the Complaint contains conclusions of law, to which no response is required. To the extent that a response is deemed required: Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in the first sentence of paragraph 27 of the Complaint, and therefore denies all allegations contained therein. Defendant denies the allegations contained in the second through fifth sentences of paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint.

31. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 31 of the Complaint, and therefore denies all allegations in paragraph 31.

32. Paragraph 32 of the Complaint contains conclusions of law, to which no response is required. To the extent that a response is deemed required: Defendant denies the allegations contained in paragraph 32 of the Complaint.

33. Paragraph 33 of the Complaint contains conclusions of law, to which no response is required. To the extent that a response is deemed required: Defendant denies the allegations contained in paragraph 33 of the Complaint.

## THIRD CAUSE OF ACTION

## FAILURE TO COMPENSATE FOR ALL HOURS WORKED

34. Defendant incorporates its answers to paragraphs 1–33 above by reference as if set forth fully herein.

35. Paragraph 35 of the Complaint contains conclusions of law, to which no response is required. To the extent that a response is deemed required: Defendant denies the allegations contained in paragraph 35 of the Complaint.

36. Paragraph 36 of the Complaint contains conclusions of law, to which no response is required. To the extent that a response is deemed required: Defendant denies the allegations contained in paragraph 36 of the Complaint.

37. Paragraph 37 of the Complaint contains conclusions of law, to which no response is required. To the extent that a response is deemed required: Defendant denies the allegations contained in paragraph 37 of the Complaint.

38. Paragraph 38 of the Complaint contains conclusions of law, to which no response is required. To the extent that a response is deemed required: Defendant denies the allegations contained in paragraph 38 of the Complaint.

39. Paragraph 39 of the Complaint contains conclusions of law, to which no response is required. To the extent that a response is deemed required: Defendant denies the allegations contained in paragraph 39 of the Complaint.

40. Defendant admits that paragraph 40 of the Complaint recites a section of the California Labor Code.

41. Defendant denies the allegations contained in paragraph 41 of the Complaint.

42. Paragraph 42 of the Complaint contains conclusions of law, to which no response is required. To the extent that a response is deemed required: Defendant denies the allegations contained in paragraph 42 of the Complaint.

43. Defendant admits that paragraph 43 of the Complaint recites a section of the California Labor Code.

44. Paragraph 44 of the Complaint contains conclusions of law, to which no response is required. To the extent that a response is deemed required: Defendant denies the allegations contained in paragraph 44 of the Complaint.

**FOURTH CAUSE OF ACTION**

**FAILURE TO PAY MINIMUM WAGE**

45. Defendant incorporates its answers to paragraphs 1–45 above by reference as if set forth fully herein.

46. Defendant denies the allegations contained in paragraph 46 of the Complaint.

47. Defendant admits that paragraph 47 of the Complaint recites a section of the California Labor Code.

48. Defendant admits that paragraph 48 of the Complaint recites a section of the California Labor Code.

49. Defendant admits that paragraph 49 of the Complaint recites a section of the California Labor Code.

50. Defendant admits that the first sentence of paragraph 50 of the Complaint recites a section of the California Labor Code. Defendant denies the allegations contained in the second sentence of paragraph 50 of the Complaint. The third sentence of paragraph 50 of the Complaint contains conclusions of law, to which no response is required. To the extent that a response is deemed required: Defendant denies the allegations contained in third sentence of paragraph 50 of the Complaint.

51. Defendant denies the allegations contained in paragraph 51 of the Complaint.

52. Paragraph 52 of the Complaint contains conclusions of law, to which no response is required. To the extent that a response is deemed required: Defendant denies the allegations contained in paragraph 52 of the Complaint.

## FIFTH CAUSE OF ACTION

## FAILURE TO REIMBURSE EXPENSES AND/OR PROHIBITED CASH BOND

53. Defendant incorporates its answers to paragraphs 1–52 above by reference as if set forth fully herein.

54. Defendant admits the allegations contained paragraph 54 of the Complaint.

55. Defendant denies the allegations contained in paragraph 55 of the Complaint to the extent that Plaintiff was offered reimbursement for expenses upon termination, to which he refused.

56. Defendant denies the allegations contained in paragraph 56 of the Complaint.

57. Defendant admits that paragraph 57 of the Complaint recites a section of the California Labor Code.

58. Defendant admits that paragraph 58 of the Complaint recites a section of the California Labor Code.

59. Paragraph 59 of the Complaint contains conclusions of law, to which no response is required. To the extent that a response is deemed required: Defendant denies the allegations contained in paragraph 59 of the Complaint.

60. Paragraph 60 of the Complaint contains conclusions of law, to which no response is required. To the extent that a response is deemed required: Defendant denies the allegations contained in paragraph 60 of the Complaint.

61. Paragraph 61 of the Complaint contains conclusions of law, to which no response is required. To the extent that a response is deemed required: Defendant denies the allegations contained in paragraph 61 of the Complaint.

**SIXTH CAUSE OF ACTION**

**FAILURE TO PAY FINAL WAGES ON TIME**

62. Defendant incorporates its answers to paragraphs 1–61 above by reference as if set forth fully herein.

63. Paragraph 63 of the Complaint contains conclusions of law, to which no response is required. To the extent that a response is deemed required: Defendant denies the allegations contained in paragraph 63 of the Complaint.

64. Defendant denies the allegations contained in paragraph 64 of the Complaint.

65. Defendant denies the allegations contained in paragraph 65 of the Complaint.

66. Defendant denies the allegations contained in paragraph 66 of the Complaint.

67. Paragraph 67 of the Complaint contains conclusions of law, to which no response is required. To the extent that a response is deemed required: Defendant denies the allegations contained in paragraph 67 of the Complaint.

68. Paragraph 68 of the Complaint contains conclusions of law, to which no response is required. To the extent that a response is deemed required: Defendant denies the allegations contained in paragraph 68 of the Complaint.

**SEVENTH CAUSE OF ACTION**

**PROMISSORY ESTOPPEL**

69. Defendant incorporates its answers to paragraphs 1–68 above by reference as if set forth fully herein.

70. Defendant denies the allegations contained in the first sentence of paragraph 70 of the Complaint. Defendant admits that the second sentence of paragraph 70 of the Complaint alleges to recite a portion of the Restatement of Contracts. Defendant lacks knowledge or information sufficient

to admit or deny the allegations contained in the third sentence of paragraph 70 of the Complaint, and therefore denies the allegations in the third sentence of paragraph 70.

71. Paragraph 71 of the Complaint contains conclusions of law, to which no response is required. To the extent that a response is deemed required: Defendant denies the allegations contained in paragraph 71 of the Complaint.

72. Defendant denies the allegations contained in the first sentence of paragraph 72 of the Complaint. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in the second sentence of paragraph 72 of the Complaint, and therefore denies the allegations in the second sentence of paragraph 72.

73. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 73 of the Complaint, and therefore denies the allegations in paragraph 73.

74. Defendant denies the allegations contained in paragraph 74 of the Complaint.

75. Defendant denies the allegations contained in paragraph 75 of the Complaint to the extent that it has already satisfied the originally agreed-upon terms.

76. Paragraph 76 of the Complaint contains conclusions of law, to which no response is required. To the extent that a response is deemed required: Defendant denies the allegations contained in paragraph 76 of the Complaint.

77. Paragraph 77 of the Complaint contains conclusions of law, to which no response is required. To the extent that a response is deemed required: Defendant denies the allegations contained in paragraph 72 of the Complaint.

78. Defendant denies the allegations contained in paragraph 78 of the Complaint.

## EIGHTH CAUSE OF ACTION

## UNLAWFUL RETALIATION IN VIOLATION OF PUBLIC POLICY

79. Defendant incorporates its answers to paragraphs 1–79 above by reference as if set forth fully herein.

80. Paragraph 80 of the Complaint contains conclusions of law, to which no response is required. To the extent that a response is deemed required: Defendant denies the allegations contained in paragraph 80 of the Complaint.

81. Paragraph 81 of the Complaint contains conclusions of law, to which no response is required. To the extent that a response is deemed required: Defendant denies the allegations contained in paragraph 81 of the Complaint.

82. Defendant admits that paragraph 82 of the Complaint recites sections of the California Labor Code.

83. Defendant admits that paragraph 83 of the Complaint recites sections of the California Labor Code.

84. Defendant admits that the first sentence of paragraph 84 of the Complaint recites sections of the California Labor Code. The second and third sentences of paragraph 84 of the Complaint contain conclusions of law, to which no response is required. To the extent that a response is deemed required: Defendant denies the allegations contained in the second and third sentences of paragraph 84 of the Complaint.

85. Defendant admits that paragraph 85 of the Complaint recites a section of the California Labor Code.

86. Defendant admits that paragraph 86 of the Complaint recites a section of the California Labor Code.

87. Defendant admits that paragraph 87 of the Complaint recites a section of the California Labor Code.

88. Defendant admits that paragraph 88 of the Complaint recites a section of the California Labor Code.

89. Defendant denies the allegations contained in paragraph 89 of the Complaint.

90. Defendant denies the allegations contained in paragraph 90 of the Complaint.

91. Defendant denies the allegations contained in paragraph 91 of the Complaint.

92. Defendant denies the allegations contained in paragraph 92 of the Complaint.

93. Paragraph 93 of the Complaint contains conclusions of law, to which no response is required. To the extent that a response is deemed required: Defendant denies the allegations contained in paragraph 93 of the Complaint.

94. Defendant denies the allegations contained in the first sentence of paragraph 94 of the Complaint. The second sentence of paragraph 94 of the Complaint contains conclusions of law, to which no response is required. To the extent that a response is deemed required: Defendant denies the allegations contained in the second sentence of paragraph 94 of the Complaint.

**NINTH CAUSE OF ACTION**

**FRAUD AND DECEIT**

95. Defendant incorporates its answers to paragraphs 1–94 above by reference as if set forth fully herein.

96. Paragraph 96 of the Complaint contains conclusions of law, to which no response is required. To the extent that a response is deemed required: Defendant denies the allegations contained in paragraph 96 of the Complaint.

97. Defendant admits that paragraph 97 of the Complaint recites a section of the California Civil Code.

98. Defendant admits that paragraph 98 of the Complaint recites a section of the California Civil Code.

99. Defendant admits that paragraph 99 of the Complaint cites to sections of the California Civil Code defining "deceit."

100. Defendant admits that paragraph 100 of the Complaint recites a section of the California Civil Code.

101. Defendant admits that paragraph 101 of the Complaint recites a section of the California Civil Code.

102. Defendant denies the allegations contained in paragraph 102 of the Complaint.

103. Defendant admits the allegations contained in paragraph 103 of the Complaint.

104. Defendant denies the allegations contained in paragraph 104 of the Complaint.

105. Defendant denies the allegations contained in paragraph 105 of the Complaint.

106. Defendant denies the allegations contained in the first sentence of paragraph 106 of the Complaint. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in the second sentence of paragraph 106 of the Complaint, and therefore denies the allegations in the second sentence of paragraph 106.

107. Paragraph 107 of the Complaint contains conclusions of law, to which no response is required. To the extent that a response is deemed required: Defendant denies the allegations contained in paragraph 107 of the Complaint.

108. Defendant denies the allegations contained in the first sentence of paragraph 108 of the Complaint. The second sentence of paragraph 108 of the Complaint contains conclusions of law, to which no response is required. To the extent that a response is deemed required: Defendant denies the allegations contained in the second sentence of paragraph 108 of the Complaint.

109. Defendant denies the allegations contained in paragraph 109 of the Complaint.

## TENTH CAUSE OF ACTION

## QUANTUM MERUIT

110. Defendant incorporates its answers to paragraphs 1–109 above by reference as if set forth fully herein.

111. Defendant admits the allegations contained in paragraph 111 of the Complaint.

112. Defendant denies the allegations contained in paragraph 112 of the Complaint.

113. Defendant denies the allegations contained in paragraph 113 of the Complaint to the extent that Plaintiff's compensation was based on the meeting certain milestones, and Plaintiff was subsequently offered payment for his services.

114. Paragraph 114 of the Complaint contains conclusions of law, to which no response is required. To the extent that a response is deemed required: Defendant denies the allegations contained in paragraph 114 of the Complaint.

## PRAYER FOR RELIEF

The remainder of the Complaint constitutes Plaintiff's request for relief to which no responsive pleading is necessary. To the extent a responsive pleading is required, Defendant denies that Plaintiff is entitled to relief sought.

All claims and allegations that have not been specifically admitted are hereby denied, and Defendant demands strict proof thereof.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted. Specifically, Plaintiff's third, fourth, fifth, sixth, eighth, and ninth causes of action contained in the Complaint are based on State of California statutes. However, this Agreement at issue in this matter is, by the terms of said Agreement, governed by Colorado law.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery because Plaintiff breached the Agreement by using the confidential information of previous employers or other persons to whom Plaintiff had an obligation of confidentiality, and because Plaintiff brought onto the premises of Company property belonging to a former employer or other person to whom Plaintiff had an obligation of confidentiality. Plaintiff also breached the Agreement by failing to perform his duties and carry out the responsibilities assigned to Plaintiff to the best of Plaintiff's ability, in a trustworthy, businesslike and efficient manner, and failing to comply with Defendant's lawful policies, practices and procedures. These material breaches discharged Defendant's obligations under the Agreement.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery under the doctrine of unclean hands. Plaintiff engaged in inequitable behavior, including fraud and deceit, by using the confidential information of previous employer's or other persons to whom Plaintiff had an obligation of confidentiality, and jeopardizing the Defendant's business in doing so.

## FOURTH AFFIRMATIVE DEFENSE

Defendant asserts the affirmative defense of fraud. Plaintiff represented to the Company that he would not use the confidential information of previous employers or other persons to whom Plaintiff had an obligation of confidentiality. Defendant relied on this representation in entering into the Agreement with Plaintiff to its detriment.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust administrative remedies by not first pursuing Plaintiff's claims in the proper administrative forums.

## SIXTH AFFIRMATIVE DEFENSE

Defendant's actions were in good faith conformity with or reliance on administrative regulation, order, ruling, approval, interpretation, or practice of the relevant administrative bodies.

## SEVENTH AFFIRMATIVE DEFENSE

All actions taken by Congo with respect to Plaintiff were supported by legitimate business reasons.

## EIGHTH AFFIRMATIVE DEFENSE

Congo is released from payment to Plaintiffs because of Plaintiffs' own acts and omissions.

Defendant reserves the right to assert additional defenses as they may become known during the course of discovery and trial preparation or otherwise.

WHEREFORE, PREMISES CONSIDERED, Congo respectfully requests as follows:

a) That Plaintiff take nothing by way of his Complaint and that Congo have judgment entered in its favor;

b) That Congo be awarded its costs and fees incurred in defense of this action, including reasonable attorney's fees; and

c) Grant Congo such other and further relief as the Court deems just and proper.

Dated: December 5, 2017

Respectfully Submitted,

Roberto "R.C." Rondero de Mosier
3809 S Congress Ave., A221
Austin, Texas 78704
(512) 502-4307 Office
(512) 290-9182Facsimile

By: *<u>/s/ Roberto "R.C." Rondero de Mosier /s/</u>*
Roberto "R.C." Rondero de Mosier
rc@saberreps.com

ATTORNEY FOR DEFENDANTS,
CONGO, LTD.

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2017, a copy of the foregoing **DEFENDANT CONGO LTD.'S ANSWER AND AFFIRMATIVE DEFENSES** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by the operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Roberto "R.C." Rondero de Mosier /s/*
Roberto "R.C." Rondero de Mosier