**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Civil Action No. 17-cv-02755-RM-MEH**

**MICHAEL BALDUCCI,**

**Plaintiff,**

**v.**

**CONGO LTD., a Colorado Corporation,**

**Defendant.**

---

# PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

---

Plaintiff Michael Balducci ("Plaintiff" or "Balducci"), by and through undersigned counsel, hereby submits this Motion for Default Judgment ("Motion"). In support thereof, Plaintiff states as follows:

## PROCEDURAL HISTORY

Plaintiff filed his Complaint on May 25, 2017 in Superior Court of the State of California, County of San Francisco, alleging various causes of action under California state law. Defendant filed a Notice of Removal on July 19, 2017 in the United States District Court, Northern District of California. This matter was transferred to the present Court on November 15, 2017. (ECF# 1.) Defendant filed its Answer to Plaintiff's Complaint on December 5, 2017. (ECF# 11.)

On April 25, 2018, Plaintiff filed his First Amended Complaint. (ECF# 36.) Defendant failed to file a responsive pleading or defend itself in any manner against the claims brought by Plaintiff. As such, Plaintiff filed a Motion for Entry of Default on June 20, 2018. (ECF# 42.) On June 21, 2018, the Clerk of the Court filed an Entry of Default as to Defendant Congo LTD. (ECF#

43). Plaintiff now seeks an Order entering Default Judgment against Defendant though the instant Motion.

**LEGAL STANDARD**

Fed. R. Civ. P. 55(a) provides that default must enter against a party who fails to appear or otherwise defend a lawsuit. Here, Defendant has failed to timely answer or otherwise defend against the allegations set forth against Defendant in Plaintiff's First Amended Complaint. (ECF# 42-1.) Pursuant to Fed. R. Civ. P. 55(b)(1), default judgment must be entered by the clerk of court if the claim is for "a sum certain." In cases where this amount is indeterminable on the face of the pleading, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). "[D]efault judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection." *In re Rains*, 946 F.2d 731, 732–33 (10th Cir. 1991) (internal quotation marks and citation omitted). "A party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the 'sound judicial discretion' of the court." *Greenwich Ins. Co. v. Daniel Law Firm*, 2008 WL 793606, at *2 (D. Colo. Mar. 22, 2008)(internal quotation marks omitted). The Court must take several steps before entering default judgment.

First, the Court must ensure that it has personal jurisdiction over the defaulting defendant and subject matter over the action. *See Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202–03 (10th Cir. 1986).

Second, the Court should consider whether the well-pleaded allegations of fact—which are admitted by the defendant upon default—support a judgment on the claims against the defaulting defendant. *See Fed. Fruit & Produce Co. v. Red Tomato, Inc.*, 2009 WL 765872, at *3 (D. Colo. Mar. 20, 2009) ("Even after entry of default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment."). "In determining whether a claim for relief has been established, the well-pleaded facts of the complaint are deemed true." *Id.* (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)).

Third, once the Court has determined that default judgment is the appropriate remedy, the Court must assess the type and amount of Plaintiff's recoverable damages. *See Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D. Colo. 1984) ("A final default judgment cannot be entered against a party until the amount of damages has been ascertained."). Actual proof must support any default judgment for money damages. *See Klapprott v. United States*, 335 U.S. 601, 611–12 (1949). In some situations, that proof is provided in a hearing; however, the Court may enter a default judgment without a hearing if the amount claimed is "a liquidated sum or one capable of mathematical calculation." *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985). Here, Plaintiff and Dan Soha provide declarations to establish the amount of damages owed to Plaintiff.

## ARGUMENT

### A. Jurisdiction is Proper

As an initial matter, the Court must determine that it has jurisdiction over this matter. The Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in

controversy exceeds $75,000, and Plaintiff is a citizen of California and Defendant is a citizen of Colorado. (ECF# 36, ¶¶ 1, 2, and 4.) The Court also has personal jurisdiction over Defendant and venue is proper in this District pursuant to C.R.S. § 13-1-124 because Defendant transacts business in the State of Colorado. (ECF# 36, ¶ 5.) Additionally, the United States District Court, Northern District of California, ordered that this matter be transferred to the present Court based on jurisdictional and venue arguments, including application of Colorado law. (ECF# 1.) The jurisdictional element required for a default judgment has been satisfied.

**B. <u>Plaintiff's Alleged Facts Support Judgment Against Defendant</u>**

Plaintiff entered into a contract with Defendant, for which he could only be terminated for cause, to perform work as Defendant's Chief Market Officer. (ECF# 36, ¶¶ 6-8.) The contract specified that Plaintiff's employment would automatically renew each year for five years unless a party delivered a written notice of non-renewal at least sixty (60) days prior to the expiration of any Renewal Period. (*Id*. ¶ 10.) In the event of a contractual breach, the contract required that Defendant provide Balducci written notice of what it believed to be a failure and allow him ten (10) days to cure such alleged failure or breach. (*Id*. ¶ 9.)

Plaintiff always performed his job satisfactorily and in compliance with the terms of the contract, receiving positive performance reviews from Defendant. (*Id*. ¶ 13.) Plaintiff also incurred work-related expenses during his employment, which Defendant failed to reimburse. (*Id*. ¶23.) The contract provided that Balducci would be compensated 150,000 shares of stock, as well as additional stock upon completion of certain financing or Defendant hitting certain revenue milestones. (*Id.* ¶11.) On January 18, 2017, soon after Balducci helped secure Defendant significant funding and right before he would have received additional shares, Defendant terminated Balducci's employment

without cause and without written notice providing him any opportunity to cure any alleged problems or failures. (*Id*. ¶12.) This funding amounted to several million dollars. (*Id*. ¶17.) Defendant breached the contract with Plaintiff to avoid issuing him additional stock, as well as because Plaintiff had reported behavior within the company he believed to be illegal and/or unethical. (*Id.* ¶¶ 18-22.)

Accepting the facts alleged in Plaintiff's First Amended Complaint as true, Plaintiff has sufficiently pled claims for relief to obtain default judgment against Defendant.

### C. Plaintiff's Claims and Damages Sought by Default Judgment

Plaintiff moves this Court for an entry of default judgment awarding monetary damages for the First and Fifth Claims of Relief set forth in his First Amended Complaint. (ECF# 36.) These claims are for Breach of Contract and Violation of the Colorado Wage Act. *Id*.

#### 1. Breach of Contract

Plaintiff entered into a contract with Defendant governed by Colorado law. (ECF# 1 at 2.) Under Colorado law, a party attempting to recover on a claim for breach of contract must prove the following elements: (1) the existence of a contract; (2) performance by the plaintiff or some justification for nonperformance; (3) failure to perform the contract by the defendant; and (4) resulting damages to the plaintiff. *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992).

Plaintiff has shown that Defendant breached the contract with Plaintiff. The parties entered into a contract. (ECF# 36, ¶ 8; Declaration of Michael Balducci ¶ 11.) Plaintiff performed his obligations pursuant to the contract. (*Id*. ¶13.) Defendant breached the contract terminating Plaintiff without cause. (*Id*. ¶12.) These factual allegations establish a breach of contract claim under Colorado law. As result of Defendant's breach, Plaintiff has suffered general and special damages.

Damages are generally measured by a sum that would put the non-breaching party in the same

position but for the breach. *Pomeranz v. McDonald's Corp,* 843 P.2d 1378, 1381 (Colo. 1993). These amounts are to compensate a plaintiff for losses that would not have occurred but for the Defendant's breach and were reasonably foreseeable at the time the parties entered into a contract. *Id*.

Upon hire, Defendant granted Plaintiff 150,000 shares. (Balducci Decl. ¶¶ 11-12.) Because of the work Plaintiff performed, he would have bene entitled to 400,000 shares per the agreement. (*Id.* ¶¶ 13-15.) These shares were valued at $160,000.00 on October 9, 2017. (*Id.* ¶ 15.) Plaintiff also spent $1,073.65 for work-related expenses and never received payment form Congo. (*Id.* ¶ 16.) Plaintiff is entitled to general contract damages of $160,000.00 for lost stock, as well as $1,073.65 in unpaid reimbursements.[1]

Special damages are amounts awarded to a plaintiff other than general damages that a defendant knew or should have know a plaintiff could suffer in the event the defendant breached the contract. *See Denny Construction, Inc. v. City & County of Denver,* 199 P.3d 742, 751 (Colo. 2009). The restrictive covenants placed on Plaintiff prohibited him from engaging in other business, which Defendant knew, or should have known, could result in harm to Plaintiff in the event of Defendant's breach.

Plaintiff passed on several projects referred to him during the period before and during his employment with Defendant. (Balducci Decl. ¶ 18.) Plaintiff was restricted from conducting his own business in conflict with Defendant per his employment agreement. (Balducci Decl., Exhibit 1, ¶ 7.) Had Plaintiff been able to engage in his own business, monthly revenue per client would range from $5,000.00 to $20,000.00, with an average engagement lasting between six and twelve

[1] Plaintiff also argues he is entitled to this reimbursement under the Colorado Wage Act. However, Plaintiff does not intend to imply that he seeks double recovery for these claims, as outlined in the itemized damages below.

months, and renewal period lasting between three and six months. (Balducci Decl. ¶ 18.) Plaintiff passed on six projects that were offered to him by Five Mill, Inc. (Declaration of Dan Soha ¶¶ 11, 13; Balducci Decl. ¶ 19.) The monthly income for these projects would be $10,000.00 to $15,000.00 each, with average engagements of six to twelve months. (Balducci Decl. ¶ 19.) These projects would have overlapped and created a consistent revenue stream, causing Plaintiff to lose $540,000.00 in revenue. (*Id*.) Plaintiff also forwent engaging in other work opportunities offered by startup companies in the Bay Area. (*Id*. ¶20.) These opportunities would have generated between $15,000.00 and $30,000.00 in monthly revenue for a period of six (6) months, with renewals in six (6) month increments. (*Id*.) Plaintiff suffered lost income in the amount of $150,000.00 due to the inability to engage these companies. (*Id*.) Because of Defendant's breach of contract, Plaintiff is entitled to $690,000.00 special damages for lost revenue.

**2. Violation of the Colorado Wage Act**

Under the Colorado Wage Act, "wages" or "compensation" are defined as all amounts earned, vested, and determinable which are owed to an employee for labor or service performed by that employee. *See* C.R.S. § 8-4-101(14)(a)(I). An "employee" is "any person…performing labor or services for the benefit of an employer in which the employer may command when, where, and how much labor or services shall be performed." C.R.S. § 8-4-101(5). If an employee has not earned more than the Colorado minimum wage, then the Colorado minimum wage is used to calculate daily earning. *See* 7 CCR 1107-7. Colorado minimum wage is set by the Colorado Minimum Wage Order, 7 CCR 1103-1. During virtually all of Plaintiff's employment (2016), Wage Order 32 applied and set state minimum wage at $8.31 per hour.

Plaintiff entered into an employment contract with Defendant to perform services as the Chief

Market Office. (ECF# 36 ¶¶ 6-8.) Taking these allegations as true, Plaintiff was an employee of Defendant under the Colorado Wage Act. Plaintiff earned no wages while employed by Defendant, nor was he reimbursed for any expenditures. (ECF# 36 ¶ 23.) When an employer terminates the employer-employee relationship, "wages or compensation shall become due and payable immediately." C.R.S.§ 8 4-109(1)(a). If an employer refuses to pay the wages or compensation accordingly, "the employee...may send a written demand for the payment." C.R.S. § 8-4- 109(3)(a). "If an employee's earned, vested, and determinable wages or compensation is not paid within fourteen days after the written demand is sent…the employer shall be liable to the employee for the wages or compensation, and a penalty." C.R.S. § 8-4- 109(3)(b). Failure to timely pay wages owed will result in a penalty of 125 percent of the first $7,500.00, and 50 percent of any amount that exceeds

Defendant terminated Plaintiff on January 18, 2017. Plaintiff sought to recover unpaid wages and compensation for hours worked between July 2016 and January 2017, as well as to be reimbursed for expenses he advanced. On January 23, 2017, Plaintiff sent his first written demand for wages to Defendant. (ECF# 36 ¶ 66.) On February 14, 2017, Plaintiff sent a written demand for wages to Defendant, approximating his withheld wages for six months to be $35,000.00, applying California law for minimum wage, overtime, and penalties. (Balducci Decl. ¶ 23.) Plaintiff also requested reimbursement in the amount of $1,073.65 for work-related travel expenses. (*Id.*)

Plaintiff worked approximately 1,300 hours for Defendant between July 2016 and January 2017, roughly 28 weeks. (Balducci Decl. ¶ 17.) Plaintiff is entitled to 1,120 hours of straight time and 180 hours of overtime based on the minimum wage of $8.31 per hour (1,120 x $8.31 = $9,307.20; 180 x $12.47 = $2,244.60; Total $11,551.80). Plaintiff is entitled to a penalty in the amount of $11,400.90 on the $11,551.80 in unpaid wages. The penalty for the first $7,500.00 is $9,375.00, and

the remaining penalty is $2,025.90 ($4,051.80 x 50 percent). Plaintiff's damages under the Colorado Wage Act are $22,952.70.

### D. Itemized Damages Calculation

| | |
|---|---|
| General Contract Damages: | $160,000.00 |
| Special Contract Damages: | $690,000.00 |
| Unpaid work-related expenses: | $1,073.65 |
| Wrongfully withheld wages and penalties: | $22,952.70 |
| **TOTAL:** | **$874,026.35** |

### E. Attorney's Fees, Costs, and Pre-Judgment Interest

Plaintiff seeks to recover his attorney's fees, costs, and pre-judgment interest as allowed by statute. As such, Plaintiff will file a Motion for Attorney's Fees and Computation of Pre-Judgment Interest, as well as a Bill of Costs pursuant to Fed. R. Civ. P. 54(d)(1), following this Court's entry of judgment.

## CONCLUSION

WHEREFORE, Plaintiff respectively requests that the Court enter Default Judgement in favor of Plaintiff and against Defendant for the relief requested herein. Upon Entry of Default Judgment, Plaintiff will move for an Order requesting his attorney's fees, costs, and pre-judgment interest pursuant to applicable law.

Respectfully submitted this 8th day of November 2018.

*/s/Andrew C. Quisenberry*
Andrew C. Quisenberry
BACHUS & SCHANKER, LLC
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Telephone: 303-893-9800
Facsimile: 303-893-9900
andrew.quisenberry@coloradolaw.net

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of November 2018, a true and correct copy of the foregoing **PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT** was filed via CM/ECF, causing an electronic copy to be served on the following:

Roberto Carlos Rondero de Mosier
Gober Group
3595 RR 620 South, Suite 200
Austin, TX 78738
512-277-6093
Email: rc@gobergroup.com

*/s/Andrew C. Quisenberry*
Andrew C. Quisenberry