**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Civil Action No. 17-cv-02755-RM-MEH**

**MICHAEL BALDUCCI,**

**Plaintiff,**

**v.**

**CONGO LTD., a Colorado Corporation,**

**Defendant.**

---

**PLAINTIFF'S SUPPLEMENTAL BRIEF IN RESPONSE TO JANUARY 17, 2019 MINUTE ORDER**

---

Plaintiff Michael Balducci ("Plaintiff" or "Balducci"), by and through undersigned counsel, hereby submits this Supplemental Brief pursuant to this Court's January 17, 2019 Minute Order. (Doc. 51.) In support thereof, Plaintiff states as follows:

## LEGAL ISSUE

Under Colorado law, may a plaintiff who sues his employer for breach of contract, alleging the employer failed to pay any compensation that was due to the plaintiff according to the terms of the alleged contract, also claim damages for payment of the applicable minimum wage, when the employer did not tender payment of any compensation under the terms of the alleged contract?

## ARGUMENT

Relevant to disputed wages in this matter, Colorado Minimum Wage Order 32 provides for an employee covered by the provisions to be paid a minimum wage of $8.31 per hour during the year 2016. 7 CCR 1103-1, § 3 (January 1, 2016). An employee may not waive his or her right to be paid

in accordance with applicable Colorado wage laws. *See* C.R.S. 8-4-121. In the event an employee earns less than the legal minimum wage, he or she may recover those unpaid wages in a civil action. *See* 7 CCR 1103-1, § 18. When an employee is entitled to, and has been paid less than, the Colorado minimum wage, the Colorado minimum wage is used to calculate earnings. 7 CCR 1103-7, § 2.3.2. In the event of termination by exercise of the employer, the Colorado Wage Claim Act ("CWCA") provides that wages for labor are due to the employee immediately. C.R.S. § 8-4-109.

Regardless of whether an employer has the right to terminate an employee pursuant to the terms of a contract, the failure of the employer to pay wages earned by the employee at the time of discharge creates liability under C.R.S. § 8-4-109. *Lee v. Great Empire Broadcasting*, 794 P.2d 1032, 1034 (Colo.App. 1989). When wages earned have been paid to the employee at the time of discharge alleged to have breached a contract, then C.R.S. § 8-4-109 is not applicable. *Id*. The CWCA only provides a remedy for wages earned and not for unvested and indeterminable future compensation pursuant to the terms of an employment contract. *See Barnes v. Van Schaack Mortg., a Div. of Van Schaack and Co.*, 787 P.2d 207, 209 (Colo.App. 1990) (citations omitted).

Plaintiff's claims for breach of contract and for violation of the CWCA are two separate claims with distinct remedies. The Court's reasoning in *Montemayor v. Jacor Communications, Inc.* is instructive here. 64 P.3d 916 (Colo.App. 2002). In *Montemayor*, the defendant argued that the breach of contract claim subsumed the Plaintiff's CWCA claim for the same damages. *Id*. at 924. While the claims were determined separately by jury and the court in that matter, the separate evidentiary determinations in that case to not preclude Plaintiff recovering unpaid minimum wages in the instant matter, which are distinct from general and special damages Plaintiff alleges stem from Defendant's breach of contract.

This Court's holding in *Gomez v. Children's Hospital Colorado* is also instructive. No. 18-CV-00002-EH, 2018 WL 3303306 (D. Colo. July 8, 2018). In *Gomez*, the plaintiff claimed she was entitled to unpaid sick leave under the CWCA. Based on the facts, the Court found that the unpaid sick leave was not earned and vested pursuant to internal polices of the defendant. *Id*. at *5. As such, plaintiff could not state a claim under the CWCA. Plaintiff in this matter, however, sets forth an independent claim separate from the breach of contract claim because Defendant failed to tender any payment to Plaintiff during his employment term. As such, Defendant violated Colorado Minimum Wage Order 32 because at the time of Plaintiff's termination his minimum wage was earned, vested and determinable.

## CONCLUSION

For the foregoing reasons, Plaintiff contends that he may recover unpaid minimum wages that were due at the time of his termination, along with penalties, pursuant to the CWCA, as well as contract damages stemming from Defendant's alleged breach.

Respectfully submitted this 23rd day of January 2019.

*/s/Andrew C. Quisenberry*
Andrew C. Quisenberry
BACHUS & SCHANKER, LLC
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Telephone: 303-893-9800
Facsimile: 303-893-9900
andrew.quisenberry@coloradolaw.net

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of January 2019, a true and correct copy of the foregoing **PLAINTIFF'S SUPPLEMENTAL BRIEF IN RESPONSE TO JANUARY 17, 2019 MINUTE ORDER** was filed via CM/ECF, causing an electronic copy to be served on the following:

Roberto Carlos Rondero de Mosier
Gober Group
3595 RR 620 South, Suite 200
Austin, TX 78738
512-277-6093
Email: rc@gobergroup.com

*/s/Andrew C. Quisenberry*
Andrew C. Quisenberry