**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Civil Action No. 17-cv-02755-RM-MEH**

**MICHAEL BALDUCCI,**

**Plaintiff,**

**v.**

**CONGO LTD., a Colorado Corporation,**

**Defendant.**

---

**PLAINTIFF'S OBJECTION TO THE MARCH 19, 2019 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

Plaintiff Michael Balducci ("Plaintiff" or "Balducci"), by and through undersigned counsel, and pursuant to Fed.R.Civ.P. 72(b)(2), hereby submits this Objection to the March 19, 2019 Recommendation of United States Magistrate Judge. (ECF# 53.) In support thereof, Plaintiff states as follows:

## PROCEDURAL HISTORY

Plaintiff filed his Complaint on May 25, 2017 in Superior Court of the State of California, County of San Francisco, alleging various causes of action under California state law. Defendant filed a Notice of Removal on July 19, 2017 in the United States District Court, Northern District of California. This matter was transferred to the present Court on November 15, 2017. (ECF# 1.) Defendant filed its Answer to Plaintiff's Complaint on December 5, 2017. (ECF# 11.)

On April 25, 2018, Plaintiff filed his First Amended Complaint. (ECF# 36.) Defendant failed to file a responsive pleading or defend itself in any manner against the claims brought by

Plaintiff. As such, Plaintiff filed a Motion for Entry of Default on June 20, 2018. (ECF# 42.) On June 21, 2018, the Clerk of the Court filed an Entry of Default as to Defendant Congo LTD. (ECF# 43.)

Plaintiff filed his Motion for Default Judgment against Defendant alleging breach of contract and violations of the Colorado Wage Act ("CWCA") on November 11, 2018. (ECF# 46.) The Magistrate Judge held an evidentiary hearing on January 15, 2019 and requested supplemental briefing on January 17, 2019. (ECF# 51.) Plaintiff filed a supplemental brief on January 23, 2019. (ECF# 52.) On March 19, 2019, the Magistrate Judge issued a Recommendation in response to Plaintiff's Motion for Default Judgment. (ECF# 53.) Plaintiff now submits this objection to modify the Magistrate Judge's Recommendation with regards to an additional 250,000 shares per the Agreement and the allocation of the value of the shares as damages pursuant to the CWCA.

## FACTUAL BACKGROUND

1. Defendant is a company in the "technical legal consulting industry." It operates an online platform that connects users to attorneys. First Am. Compl. ("FAC") ¶ 3. (ECF# 36.)

2. At all relevant times, Defendant was incorporated under the laws of Colorado and kept its principal place of business in Austin, Texas. *Id.* ¶ 2.

3. Plaintiff and Defendant entered into an employment agreement (the "Agreement") in or about July 2016 for Plaintiff to serve as Defendant's Chief Marketing Officer ("CMO"). *Id.* ¶¶ 6, 8.

4. Plaintiff was entitled to 150,000 shares of Defendant's stock upon hire. *See* FAC ¶ 11; Decl. of Michael Balducci in Supp. of Pl.'s Mot. Default J. ("Balducci Decl.") ¶ 12. (ECF# 46-1.)

5. The Agreement stated that Plaintiff could be terminated only for cause. If Defendant

believed Plaintiff was in breach of the contract, it was required to provide him written notice of the purported breach and ten days to cure. FAC ¶¶ 8–9.

6. As CMO, Plaintiff contributed to the development of Defendant's marketing plan, *id.* ¶ 7, by leading the effort to design the Lawbooth.com marketplace, which would pair businesses and consumers with attorneys. Balducci Decl. ¶ 12.

7. Plaintiff headed a project to deploy over five million webpages. *Id.*

8. If the webpages had been deployed as planned, Plaintiff would have been entitled to 250,000 additional shares of Defendant's stock. *Id.* ¶ 14.

9. Defendant took Plaintiff's work and raised capital based on his work. *Id*. ¶ 14.

10. On or about January 18, 2017, Defendant terminated Plaintiff without good cause and without written notice of a breach of the Agreement. *Id.* ¶ 12.

11. After Defendant terminated Plaintiff, Defendant informed Plaintiff that it would not pursue the deploying of the web pages. *Id.* ¶ 13.

12. However, Defendant deployed the web pages using Plaintiff's work under a different brand rather than under the name LawBooth (Congo). Supplemental Declaration of Michael Balducci, ¶¶ 6-11, attached hereto.

13. Plaintiff performed his duties satisfactorily and received positive performance reviews. FAC ¶ 13.

14. Defendant's stock was valued at $0.40 per share. Balducci Decl. ¶ 15.

15. Defendant has not paid Plaintiff any wages for his employment. FAC ¶¶ 23, 62.

16. Plaintiff mailed a written demand for wages to Defendant on January 23, 2017. Balducci Decl. ¶ 23; *See* Exhibit 3, ECF# 46-1, pg. 44-47.

17. Plaintiff is entitled to the value 400,000 shares, which were valued on October 9, 2017 at $0.40 per share, or $160,000.00. Balducci Supp. Decl. ¶ 11.

## STANDARD OF REVIEW

A party may serve and file objections to a Magistrate Judge's order regarding dispositive matters within fourteen (14) days after being served with a copy of the Magistrate Judge's Order. *See* Fed.R.Civ.P. 72(b). Pursuant to Fed.R.Civ.P. 72(c), the District Judge must review de novo the disposition objected to and may accept, reject, or modify said recommended disposition, or the District Judge may return the matter to the Magistrate Judge with instructions. "When conducting de novo review, the district court makes its own determinations of disputed issues and does not decide whether the magistrate's proposed findings are clearly erroneous." *Dotson v. Zenon*, 549 F.Supp. 2d 1291, 1297 (D.Colo. March 5, 2008) (citation omitted). That de novo review may be premised on new evidence. 28 U.S.C. §§ 636(b)(1).

## ARGUMENT

### A. Plaintiff is entitled to the additional 250,000 shares of stock.

Plaintiff seeks damages for breach of contract to place him in the same position he would have been in had the breach not occurred. *See Husband v. Colo. Mountain Cellars, Inc.*, 867 P.2d 57, 60 (Colo.App. 1993). Based upon the facts reviewed by the Magistrate Judge, the Magistrate Judge determined that Plaintiff is not entitled to the additional 250,000 shares because the web pages were not deployed by Defendant as planned. *See* ECF# 53, pg. 9-10. In Plaintiff's declaration he averred that Defendant "took all my work and raised on it, and the fired me to save on giving out the equity per the agreement. *See* Balducci Decl. ¶ 14. Plaintiff's work, which was incorporated into other company platforms, was later deployed under the aliases of JustLegal.com and Got.law. *See* Balducci

Supp. Decl. ¶¶ 6-11.

Although Defendant breached the contract with Plaintiff prior to deploying the web pages under the name LawBooth, Defendant still used Plaintiff's work for its benefit by launching Plaintiff's work product in other formats of JustLegal.com and Got.law so as not to issue Plaintiff his earned 250,000 additional shares. The total shares owed to Plaintiff under the terms of the contract are 400,000, which are valued at $160,000. Balducci Supp. Decl. ¶ 11.

**B. Damages pursuant to the Colorado Wage Act.**

In the event of termination by exercise of the employer, the CWCA provides that wages for labor are due to the employee immediately. C.R.S. § 8-4-109. Regardless of whether an employer has the right to terminate an employee pursuant to the terms of a contract, the failure of the employer to pay wages and other compensation earned by the employee at the time of discharge creates liability under C.R.S. § 8-4-109. *Lee v. Great Empire Broad.,* 794 P.2d 1032, 1034 (Colo.App. 1989).

Plaintiff's claims for breach of contract and for violation of the CWCA are two separate claims with distinct remedies. The Court's reasoning in *Montemayor v. Jacor Commc'ns, Inc.* is instructive here[1], and the Magistrate Judge's Recommendation references that Plaintiff was entitled to wages in the form of stock. *See* ECF# 53, pg. 13. In *Montemayor*, the defendant argued that the breach of contract claim subsumed the Plaintiff's CWCA claim for the same damages. *Id*. at 924. While the claims were determined separately by jury and the court in that matter, the separate evidentiary determinations in that case to not preclude Plaintiff recovering unpaid stock options pursuant to the CWCA as well as to theories of breach of contract. *Id*. at 922.

In the instant matter, the undersigned failed to adequately plead a claim for violation of the

[1] 64 P.3d 916 (Colo.App. 2002).

CWCA with regards to wrongfully withheld compensation (the value of the shares) in Plaintiff's Motion for Default Judgment. This mistake on the part of Plaintiff's counsel should not result in Plaintiff's preclusion to recover statutory penalties pursuant to C.R.S. § 8-4-109 for the value of the shares of stock owed following Defendant's failure to tender any payment to Plaintiff after he sent a wage demand letter. Balducci Decl. ¶ 23; *See* Exhibit 3, ECF# 46-1, pg. 44-47.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Magistrate Judge's Recommendation be modified to account for Plaintiff's entitlement to the value of the additional 250,000 shares, and that Defendant's wrongful withholding of the value of the stock options be considered damages pursuant to the CWCA, along with penalties for Defendant's willful refusal to pay Plaintiff compensation owed as afforded by law. Upon entry of judgment, Plaintiff requests that he be able to seek attorney's fees and costs pursuant to the CWCA.

Respectfully submitted this 2nd day of April 2019.

*/s/Andrew C. Quisenberry*
Andrew C. Quisenberry
BACHUS & SCHANKER, LLC
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Telephone: 303-893-9800
Facsimile: 303-893-9900
andrew.quisenberry@coloradolaw.net

**CERTIFICATE OF SERVICE**

I hereby certify that on April 2, 2019, a true and correct copy of the foregoing **PLAINTIFF'S OBJECTION TO THE MARCH 19, 2019 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** was filed via CM/ECF, causing an electronic copy to be served on the following:

Roberto Carlos Rondero de Mosier
Gober Group
3595 RR 620 South, Suite 200
Austin, TX 78738
512-277-6093
Email: rc@gobergroup.com

*/s/Andrew C. Quisenberry*
Andrew C. Quisenberry