**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 17-cv-02755-RM-MEH

MICHAEL BALDUCCI,

   Plaintiff,

v.

CONGO LTD., a Colorado Corporation,

   Defendant.

---

# ORDER
---

This matter is before the Court on Plaintiff's Motion for Attorney's Fees and Costs (ECF No. 57), seeking a total of $48,426.67 in attorney's fees and $1,733.19 in costs pursuant to Colo. Rev. Stat. Ann. § 8-4-110. Upon consideration of the Motion and the court record, and being otherwise fully advised, the Court finds and orders as follows.

Plaintiff seeks attorney's fees and costs after prevailing on his motion for default judgment which *included* a claim under § 8-4-109 of the Colorado Wage Claim Act ("CWCA"). On this record, the Court finds the requested relief may not be had.

While courts have discretion to award reasonable fees and costs to any employee who recovers wages in an amount greater than the amount tendered by the employer, *see* Colo. Rev. Stat. Ann. § 8–4–110(1), Plaintiff fails to discuss why the Court should award *all* of the fees and costs requested when Plaintiff raised six claims for relief (ECF No. 36), moved for (and was granted) default judgment on two of such claims, and the CWCA affords discretion to award fees

on only one of those claims.  In other words, Plaintiff fails to show why the Court should award fees and costs associated with any claim other than the one claim under the CWCA.

These facts bring the Court to another issue which it raises *sua sponte*.  As stated, Plaintiff moved for default judgment on two of his six claims.  This means four claims remain.  Thus, while default judgment could enter on the two claims, final judgment should not have been entered.  *See* Fed. R. Civ. P. 54(b) ("When an action presents more than one claim for relief . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."); *D&H Marketers, Inc. v. Freedom Oil & Gas, Inc.*, 744 F.2d 1443, 1444-45 (10th Cir. 1984) (recognizing that although the order directed entry of default judgment against some defendants, absent the entry of final judgment under Rule 54(b), the order was not final and not enforceable by the prevailing party until the entire case was terminated).  Plaintiff's motion for default judgment did not request a determination be made under Rule 54(b).  And, further, Plaintiff has not made any request—by motion or notice of dismissal under Rule 41—with respect to the disposition of the four remaining claims.  Accordingly, the Court finds the Default Judgment should be vacated to reflect that final judgment will not be entered at this time.  *See* Fed. R. Civ. P. 60(a) (Court may *sua sponte* "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record.")  It is therefore **ORDERED**

(1) That Plaintiff's Motion for Attorney's Fees and Costs (ECF No. 57) is DENIED WITHOUT PREJUDICE;

(2) That the Default Judgment (ECF No. 56) shall be VACATED and the Clerk shall enter a new Default Judgment to reflect that final judgment shall not enter at this time; and

(3) That the Clerk shall reopen this case.

DATED this 13th day of January, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge